```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LARRY R. HENDERSON, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action<br>No. 15-1049 (JBS) |
| STATE OF NEW JERSEY, | |
| Respondent. | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    Before the Court is Petitioner Larry R. Henderson's ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 and application to proceed *in forma pauperis*. (Docket Entry 1).

    1.  Petitioner challenges the validity of his New Jersey state conviction and sentence, and as such, the proper vehicle for pursuing a writ of habeas corpus is 28 U.S.C. § 2254.

    2.  Even if this Court construed the instant petition as being filed pursuant to § 2254, a district court may not entertain an application for a writ of habeas corpus unless the petitioner is "in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a).

    3.  "While the 'in custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the

conviction he is attacking at the time the habeas petition is filed." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003).

4. "The meaning of 'custody' has been broadened so that it is no longer limited . . . to physical custody alone but also applies where individuals are subject both to significant restraints on liberty ... which were not shared by the public generally, along with some type of continuing governmental supervision." *Ibid.* (internal citations and quotations omitted).

5. Petitioner admits he has served his entire sentence and is no longer incarcerated. (Docket Entry 1 ¶ 3). He has not set forth any additional facts that satisfy the jurisdictional requirement of being "in custody." Accordingly, based on the present information, this Court lacks jurisdiction to entertain the petition.

6. This matter shall be closed. However, Petitioner may submit a new application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the form provided by the Clerk's office.

7. Should Petitioner decide to resubmit his petition on the form provided by the Clerk, he must set forth specific facts supporting this Court's jurisdiction or the petition may be dismissed with no certificate of appealablity being issued.

8. Petitioner's application to proceed *in forma pauperis* shall be denied as moot. The Clerk, however, shall be ordered to provide Petitioner with a blank application that he may

submit with his new application, or he may remit the $5.00 filing fee with his petition.

    9.   An appropriate order shall follow.


**April 9, 2015**                     **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                          Chief U.S. District Judge